OPINION
{¶ 1} Defendant-Appellant, Eric R. Williams, appeals a judgment of the Dayton Municipal Court finding him guilty of assault and criminal trespass, and sentencing him to 180 days in jail, with all but time served suspended, and placing him on unsupervised probation for one year. Williams asserts that his conviction on each charge is contrary to the manifest weight of the evidence, and that there is insufficient evidence to sustain either conviction. Finding that there was sufficient evidence to convict the appellant and that neither conviction was contrary to the manifest weight of the evidence, we affirm the judgment of the trial court.
 {¶ 2} After having been warned by both a Dayton City Police Officer and a private security guard ("Pope") to not return to the parking lot of the Grub Steak Restaurant, located at 1410 North Main Street, Dayton, Appellant ("Williams") was observed, two days later, walking through the parking lot. Pope approached Williams, informed him that he was trespassing and demanded that he leave the premises. An altercation ensued where Williams struck Pope in the face. Upon arrival of the police, Williams was arrested and charged with Assault and Criminal Trespass.
 {¶ 3} Thereafter, Williams was tried in the Dayton Municipal Court, and found guilty of both charges. After obtaining a pre-sentence investigation report, the trial court sentenced Williams to 180 day for the assault and 30 days for the Criminal Trespassing conviction. The trial court suspended all of the jail sentence except the 19 days already served, and placed Williams on one-year of unsupervised probation. It is from this judgment that Williams appeals, presenting two assignments of error for our review.
 First Assignment of Error
Defendant-Appellant's conviction for assault was based on insufficient evidence and was contrary to the manifest weight of the evidence presented to the court.
 Second Assignment of Error
Defendant-Appellant's conviction for Criminal Trespass was based on insufficient evidence and was contrary to the manifest weight of the evidence presented to the court.
 {¶ 4} In these assignments of error, Williams asserts that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. Because "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different," we will address each separately. State v. Thompkins (1997),78 Ohio St.3d 380, paragraph two of the syllabus.
 {¶ 5} We first address Williams' claim that the evidence was insufficient to support the finding that he was guilty beyond a reasonable doubt. An appellate court's function when reviewing the sufficiency of the evidence is to determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 6} Williams was charged with committing assault, under R.C. 2903.13(A). The essential elements of assault that the state had to prove were that the defendant knowingly caused or attempted to cause physical harm to a person. Williams was also charged with committing a criminal trespass, under R.C.2911.21(A)(3). The essential elements of this offense that the state had to prove were that Williams recklessly entered or remained "on the land or premises of another as to which notice against unauthorized access is given by actual communication to the offender."
 {¶ 7} Williams argues that the evidence fails to establish that Williams made any conscious attempt to cause harm to Pope. However, Pope testified that Williams was swinging his arms at Pope and that in doing so, Williams struck Pope on the cheek with an open hand. In addition, Officer Huey of the Dayton Police Department testified to observing the red mark on Pope's face when he arrived on the scene. A finder of fact is entitled to infer from such evidence that Williams' act was intentional and, therefore, done knowingly.
 {¶ 8} Williams also argues that the evidence fails to establish that Williams ever entered on or remained upon the premises of the Grub Steak Restaurant. Again, Pope testified that on the date in question, prior to the altercation resulting in the assault charge, that Williams was walking through the parking lot on the premises, when Pope approached him and asked him to leave.
 {¶ 9} Viewing the above testimony in a light most favorable to the prosecution, we conclude that the evidence was sufficient for a rational trier of fact to have found both that Williams was present on the premises of the Grub Steak Restaurant, and that he knowingly caused or attempted to cause physical harm to Pope.
 {¶ 10} We next address William's claim that the convictions on the assault and criminal trespass charges were against the manifest weight of the evidence. When an appellate court analyzes a conviction under the manifest weight standard it must review the entire record, weigh all of the evidence and all of the reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Thompkins, 78 Ohio St.3d at 387, citingState v. Martin (1983), 20 Ohio App.3d 172, 175. Only in exceptional cases, where the evidence "weighs heavily against the conviction," should an appellate court overturn the trial court's judgment. Id.
 {¶ 11} Williams seems to claim that because Pope, the victim in this case, was not disinterested and independent, that the trier of fact should not accord his testimony with any weight whatsoever, and that therefore, the convictions are against the manifest weight of the evidence. However, the court was free to believe or disbelieve the testimony of any witness as to any issue, and the testimony of any witness as to any material fact, believed by the trier of fact, is sufficient to prove any such fact.
 {¶ 12} After having reviewed the entire record and considered all of the conflicting evidence, we cannot say that the court clearly lost its way in finding Williams guilty of both assault and criminal trespass.
 {¶ 13} Accordingly, Williams' assignments of error are overruled.
 {¶ 14} For the foregoing reasons, the judgment of the Dayton Municipal Court is hereby affirmed.
Wolff, J., and Donovan, J. concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).